## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **WESLEY EUGENE BAKER, II,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:22CV00073 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **CORPORAL BONNER, ET AL.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |
| | ) | |

*Wesley Eugene Baker, II, Pro Se Plaintiff; Emily K. Stubblefield, GUYNN WADDELL, CARROLL & LOCKABY, P.C., Salem, Virginia, for Defendants Bonner, Weston, and Enochs.*

Plaintiff Wesley Eugene Baker, II, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983. He alleges that the defendant jail officials used excessive force against him, deprived him of meals while he was on suicide watch, or interfered with his ability to file grievances. Defendants Weston and Enochs have filed Motions to Dismiss, defendant Bonner has filed a Motion for Summary Judgment, and Baker has responded, making these matters ripe for decision. After reviewing the record, I conclude that the Motions to Dismiss must be granted, but that the Motion for Summary Judgment must be denied without prejudice.

I. BACKGROUND.

At the time Baker's claims arose, he was confined at the Lynchburg Adult Detention Center (LADC).  He alleges that after he was booked into the LADC on April 17, 2021, he "attempted suicide in [his] cell.  Officer Bonner intervened. While escorting [Baker] to a restraint chair, Officer Bonner slammed [Baker] to the ground tearing [his] right rotators [sic] cuff and kneeing [him] in [the] chin."  Am. Compl. 3, ECF No. 15.  Baker alleges that he "needed stitches," and asserts that he suffers from schizophrenia, "PTSD and anxiety disorder."  *Id.*

Baker also alleges that while he was on suicide watch at LADC from April 17 to 23, 2021,[1] Officer Weston "denied [him] food trays at least 3 to 4 times."  *Id.* Baker states that he was "hallucinating and hearing voices," and Weston "was upset."  *Id.*

Finally, Baker claims that after the use of force incident, he filed requests and grievances about getting medical care for the shoulder injury he allegedly suffered that day.  He contends that Major Enochs dismissed some filings for not following procedures and failed to answer others.  At some point, Enochs placed Baker on grievance restriction.  Baker asserts that Enochs' actions violated his constitutional due process rights.

---

[1]   The declaration and incident reports attached to the Motion for Summary Judgment indicate that Baker's suicide attempt occurred on April 18, 2021, and that officers moved him to suicide watch thereafter.

Baker filed his Amended Complaint in April 2022 against Weston, Enochs, and Bonner.[2]  As relief, Baker seeks declaratory and monetary relief.

## II.  DISCUSSION.

### A.  The Rule 12(b)(6) Standard of Review.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim, but "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."  *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).  In considering a Rule 12(b)(6) motion, a court must accept all factual allegations in the operative complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).

### B.  Defendant Weston.

As indicated, Baker's Amended Complaint alleges that his claims arose after he was "booked into" the LADC on April 17, 2021.  Am. Compl. 3, ECF No. 15. Lynchburg Circuit Court records available online indicate that on that same date,

---

[2]  Baker also named Doctor Liu as a defendant. But in May 2022, I granted Baker's motion seeking voluntary dismissal of all claims against this defendant.

Baker was arrested on a malicious wounding charge, has since been indicted on that charge, and faces a hearing in June 2023.

"[U]nder the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law," while "[t]he rights of sentenced inmates are to be measured by the different standard of the Eighth Amendment." *Bell v. Wolfish*, 441 U.S. 520, 528, 535 (1979).  No evidence in the record of this civil action, however, indicates clearly whether Baker was a pretrial detainee or a convicted felon during the time at issue in this lawsuit.

As to Baker's claim against Weston, I cannot find that this ambiguity is material to the outcome.  Baker alleges that while he was on suicide watch for about a week in April 2021, Officer Weston failed to provide him with a meal on three or four occasions.  I construe this allegation as asserting a claim of unconstitutional jail conditions.  "As a practical matter, the Due Process Clause analysis is materially indistinguishable from the Eighth Amendment analysis." *Adams v. New Hanover Cnty. Det. Ctr.*, No. 5:16-CT-3020-D, 2017 WL 7513347, at *2 (E.D.N.C. June 30, 2017), *aff'd*, 703 F. App'x 202 (4th Cir. Nov. 21, 2017) (unpublished).  Under this analysis, the challenged condition must constitute, objectively, "a serious deprivation of a basic human need" that resulted in "a serious or significant physical or emotional injury" to the plaintiff, *Strickler v. Waters*, 989 F.2d 1375, 1379, 1381

(4th Cir. 1993).[3]   Whether a deprivation is sufficiently serious to satisfy this objective prong requires evaluation of the challenged condition in light of contemporary standards of decency, while keeping in mind that the Eighth Amendment "does not mandate comfortable prisons" but only prohibits "extreme deprivations." *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995).  Under the second prong of the Eighth Amendment analysis, a plaintiff must show that, subjectively, the defendant exhibited "deliberate indifference" to a substantial risk of harm that the challenged condition posed to Baker.[4]   *Id.*

Baker's claim against Weston fails on the first, objective component of the claim.  Baker does not allege facts showing that missing three or four meals over a week-long period constituted a deprivation of his basic human need for food or nutrition during that time.  Indeed, he does not allege that missing these meals caused him any discomfort or serious physical or emotional harm.  Where the plaintiff "fails to allege that he sustained any injury, much less a serious or significant physical or

---

    [3]  I have omitted internal quotation marks, alterations, and citations here and throughout this Opinion, unless otherwise noted.

    [4]  Although this second prong has often been described as the subjective prong, after *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), some courts have held that this element must now also be objective.  *See, e.g., Adams*, 2017 WL 7513347, at *2 n.1 (collecting authority and noting that at least two circuits have applied it to conditions-of-confinement claims, one has declined to and instead continues to apply a subjective standard, and some have refused to address the issue or, like the Fourth Circuit, have not reached it).  Because I have concluded that Baker's claim against Weston fails on the first prong, I do not need to address the second prong as either subjective or objective.

emotional injury," from receiving a few less than the expected number of food trays in a short period of time, he fails to adequately allege any constitutional violation. *Galloway v. Aramark*, No. 3:12CV326, 2014 WL 1415089, at *3 (E.D. Va. Apr. 11, 2014) (holding that inmate's claim of receiving improper food trays five times over more than three weeks without evidence of injury failed under objective prong of Eighth Amendment standard); *White v. Gregory*, 1 F.3d 267, 269 (4th Cir. 1993) (affirming district court's dismissal as frivolous of inmate's claim that he received only two meals per day during weekends, because inmate alleged no significant resulting injury). I will grant Weston's Motion to Dismiss.

### C. Defendant Enochs.

Baker's claim against this defendant also fails to survive a Rule 12(b)(6) motion. "[I]nmates have no constitutional entitlement or due process interest in access to a grievance procedure. An inmate thus cannot bring a § 1983 claim alleging denial of a specific grievance process." *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 541 (4th Cir. 2017). In addition, an official's rejection of an inmate's grievance or appeal states no § 1983 claim, because it does "not cause or contribute to [a constitutional] violation." *Brown v. Va. Dep't of Corr.*, No. 6:07-CV-00033, 2009 WL 87459, at *13 (W.D. Va. Jan. 9, 2009). Thus, by dismissing or failing to respond to Baker's grievance documents, or placing him on grievance restriction,

Enochs did not deprive him of any constitutionally protected right.  For the stated reasons, I will grant the Motion to Dismiss as to Baker's claims against Enochs.

### D.  Defendant Bonner.

Rule 56(a) provides that a court should grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  To preclude summary judgment, a nonmovant must present a "genuine" dispute as to a material fact "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In considering a defendant's summary judgment motion, "the court is required to view the facts and draw reasonable inferences in a light most favorable to the nonmoving party," and the movant defendant "has the initial burden to show absence of evidence to support the nonmoving party's case." *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994).

Bonner, in support of his Motion for Summary Judgment, submits his declaration and other supporting documentary evidence and argues that his use of force against Baker on April 18, 2021, was not unconstitutional.  Mem. Supp. Mot. Summ. J., Ex. 1, Bonner Decl., ECF No. 23-1.  Specifically, Bonner argues that even taking Baker's allegations as true, no reasonable jury could conclude that Bonner used excessive force against Baker in violation of the Eighth Amendment.  However, Bonner presents no evidence showing that Baker was a convicted inmate on the date

when he attempted suicide at LADC and created a need for Bonner to use force against him.  Without evidence regarding Baker's legal status (pretrial detainee or convicted inmate), I cannot find that Bonner has demonstrated that he is entitled to summary judgment as a matter of law under the Eighth Amendment legal standard. Therefore, I will deny Bonner's Motion for Summary Judgment without prejudice to its refiling.

### III.  CONCLUSION.

For the reasons stated, it is hereby **ORDERED** as follows:

1.    The Motions to Dismiss, ECF Nos. 20 and 46, filed by defendants Weston and Enochs, are GRANTED and the Clerk shall terminate these persons as parties to this action; and

2.    The Motion for Summary Judgment, ECF No. 22, filed by defendant Bonner, is DENIED WITHOUT PREJUDICE; and Bonner is DIRECTED to file, within thirty days from the entry of this Order, an Answer or a Second Motion for Summary Judgment, to include evidence of Baker's status as a pretrial detainee or a convicted felon on April 18, 2021.  If no Second Motion for Summary Judgment is

timely filed, this action will be set for a jury trial on plaintiff Baker's

excessive force claims.

                  ENTER:   February 22, 2023

                  /s/  JAMES P. JONES
                  Senior United States District Judge