# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **WESLEY EUGENE BAKER, II,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:22CV00073 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **CORPORAL BONNER, ET AL.,** ) | Judge James P. Jones |
| ) | |
| Defendants. ) | |
| ) | |

*Wesley Eugene Baker, II, Pro Se Plaintiff; Emily K. Stubblefield, Jim H. Guynn, Jr., and Matthew J. Schmitt,* Guynn Waddell Carroll & Lockaby, P.C., *Salem, Virginia, for Defendant Bonner.*

Plaintiff Wesley Eugene Baker, II, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, alleging that several jail officials violated his constitutional rights after he attempted suicide in 2021. In light of previous court rulings, the only remaining claim by Baker asserts that defendant Corporal Bonner used excessive force against him. I denied Bonner's prior summary judgment motion without prejudice because the record did not demonstrate whether Baker was a pretrial detainee or a convicted felon at the time of Bonner's challenged conduct. Op. & Order, Feb. 22, 2023, ECF No. 54. Bonner has filed a second summary judgment motion, and Baker has responded, making the motion

ripe for consideration. After review of the record, I conclude that Bonner's motion must be granted.

## I. BACKGROUND.

Baker filed an Amended Complaint in April 2022 against Bonner and others. He alleges that after he was booked into the Lynchburg Adult Detention Center (LADC) on April 17, 2021, he "attempted suicide in [his] cell. Officer Bonner intervened. While escorting [Baker] to a restraint chair, Officer Bonner slammed [Baker] to the ground tearing [his] right rotators [sic] cuff and kneeing [him] in [his] chin busting open [his] chin." Am. Compl. 3, ECF No. 15. Baker alleges that he "needed stitches" and asserts that he suffers from schizophrenia, "PTSD and anxiety disorder." *Id.* Baker believes that officers should have taken him to the emergency room immediately for his injuries.

The defendant, Ian Bonner, is a former corrections officer at LADC, and is now employed as a deputy sheriff in Bedford County, Virginia. Bonner's evidence provides a version of events different than Baker describes. On April 17, 2021, Bonner was making a security round with his colleagues Officer Corry Hancock, Corporal Williams Johnson, and Sergeant Jacob Roberts. Hancock spoke privately with inmate Baker and then told Roberts that Baker had stated that he wanted to kill himself. The officers had Baker's cell door opened and found that he had a

makeshift noose made with towels tied together and that he had blood on his hands and upper lip. Hancock took the noose away from Baker.

Officials determined that Baker should be moved to suicide watch. Procedures required officers to strip search Baker, place him in a suicide smock, and confine him in a specially equipped cell designated for suicidal inmates. Bonner and Johnson entered Baker's cell to restrain him and escort him to a suicide watch cell. Baker actively resisted the officers' efforts to place restraints on him. He also yelled worrisome remarks, including "end it" and "get it over with." Mem. Supp. Mot. Summ. J. Ex. 1, Bonner Decl. ¶ 7, ECF No. 23-1. With a third officer's assistance, Bonner and Johnson placed Baker on the floor and applied handcuffs. They escorted him to a suicide watch cell, but he resisted going into that cell. Once they managed to place him in the cell, he refused to allow them to remove his handcuffs. The officers again placed him on the floor, where he began kicking his legs. Bonner and Hancock restrained his legs, and other officers intervened to remove the handcuffs. Roberts ordered Bonner to prepare a restraint chair, which he did. The officers placed Baker on the chair, secured its restraints, and ensured that they were not too tight. Bonner does not recall that Baker sustained any injuries from the interactions with officers during this incident.

Bonner also presents evidence that according to LADC records, Baker was first booked into the facility on April 17, 2021. The officers placed Baker on suicide

watch the following day. LADC Site Administrator Major T. Wray states that according to jail and state court records, on April 18, 2021, Baker was being held at LADC as a pretrial detainee. Baker offers no evidence to the contrary.

In response to Bonner's motion and his supporting evidence, Baker does not provide any additional evidence. He states simply that he "wish[es] to continue with [his] case." Resp. 1, ECF No. 63.

## II. DISCUSSION.

### A. The Summary Judgment Standard.

The Federal Rules of Civil Procedure provide that a court should grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." To preclude summary judgment, a nonmovant must present a "genuine" dispute as to a material fact "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In considering a defendant's summary judgment motion, "the court is required to view the facts and draw reasonable inferences in a light most favorable to the nonmoving party," and the movant defendant "has the initial burden to show absence of evidence to support the nonmoving party's case." *Shaw v. Stroud*, 13 F.3d 791,

798 (4th Cir. 1994).  The court "may not weigh the evidence or make credibility determinations."  *Harris v. Pittman*, 927 F.3d 266, 272 (4th Cir. 2019).[1]

To avoid summary judgment, a party must "must set forth specific facts showing that there is a genuine [factual] issue for trial" on which the jury could find in his or her favor.  *Anderson*, 477 U.S. at 248.  A pro se litigant's verified complaint and amended complaint, or other verified submissions, must be considered as affidavits and may defeat a motion for summary judgment "when the allegations contained therein are based on personal knowledge."  *Goodman v. Diggs*, 986 F.3d 493, 498 (4th Cir. 2021).  The court's summary judgment inquiry is whether the evidence, taken in the light most favorable to the nonmoving party, "presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *McAirlaids, Inc. v. Kimberly-Clark Corp.*, 756 F.3d 307, 310 (4th Cir. 2014).

A pretrial detainee's claim of excessive force must be analyzed under the Fourteenth Amendment's Due Process clause, because state officials cannot "punish" an un-convicted detainee.  *Shockley v. Foster*, No. 1:19CV909 (RDA/TCB), 2021 WL 2828516, at *6 (E.D. Va. July 7, 2021), *aff'd*, No. 21-7104, 2021 WL 6116850 (4th Cir. Dec. 27, 2021) (unpublished) (citing *Kingsley v.*

---

[1] I have omitted internal quotation marks, alterations, and/or citations here and throughout this Opinion, unless otherwise noted.

*Hendrickson*, 576 U.S. 389, 400–01 (2015)).  To determine whether force used against a pretrial detainee was excessive, I must consider whether the force "was objectively unreasonable." *Kingsley*, 576 U.S. at 397.  This determination must rest on the facts and circumstances of the individual case, as well as the "perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id.*  The court must also account for legitimate needs of jail officials in their obligation to manage the jail facility appropriately and defer to "policies and practices that in the judgment" of jail officials "are needed to preserve internal order and discipline and to maintain institutional security." *Id.*  The following factors may bear on my inquiry into the reasonableness of the use of force:

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Id.*

In this case, it is undisputed that Baker attempted to harm himself and that he physically resisted officers' actions to restrain him and place him in a suicide watch cell, according to jail procedures.  In fact, he continued to make statements suggesting an intention to harm himself.  Under such circumstances, I cannot find that Bonner and other officers acted unreasonably in taking Baker to the floor to place restraints on him as procedures required and to escort him to a cell where he

would not be able to harm himself. Inside the suicide watch cell, Baker actively resisted efforts to remove the restraints, making an additional use of force necessary for the officers to accomplish their tasks. The officers took him to the floor again, restrained his legs, and removed the restraints. At this point, Roberts ordered use of the restraint chair. It is undisputed that Bonner prepared the chair, but other officers placed Baker into the chair.

Baker asks the court to rule that at some point in this sequence of events, Bonner applied unconstitutional force merely because it allegedly caused the injuries that Baker describes: a torn rotator cuff and a cut on his chin. My analysis must focus, however, on the reasons for the use of force and the types of force used. In this case, Baker's own actions and reactions presented a security threat that required the officers to use force — to prevent him from harming himself and to move him to a setting where he could not do so. Baker's noncompliance with orders and active resistance to the officers' efforts required additional force to restore order and maintain his safety. I find no evidence in the record on which a reasonable jury could conclude that under these circumstances, Bonner objectively used excessive force under the *Kingsley* standard. Therefore, I will grant Bonner's Motion for Summary Judgment.

### III. CONCLUSION.

For the reasons stated, it is hereby **ORDERED** that the Motion for Summary Judgment, ECF No. 60, filed by defendant Bonner, is GRANTED. A separate Judgment will enter herewith.

ENTER: February 20, 2024

/s/  JAMES P. JONES
Senior United States District Judge